IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Lane, | ) | C/A No. 0:20-2725-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| (First Name Unknown) Kimbrell, *Corporal*; | ) | |
| (First Name Unknown) Palmer, *Deputy Warden*; David Harouff, *Captain/Unit Manager of D Dorm*; (First Name Unknown) Harper, *QMHP*; Willie Davis, *Reg Director*; Kameron Love, *Sgt.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a state prisoner. Therefore, if a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTION TO AMEND:**

Plaintiff moves to amend the Complaint and provides a proposed amended complaint. (ECF No. 53.) Defendants oppose the motion arguing that "it is unclear if Plaintiff is seeking to amend" and that Plaintiff previously filed a purportedly deficient motion to amend. (ECF No. 55 at 1.) The court finds that justice requires that Plaintiff be granted leave to amend the Complaint. See Fed. R. Civ. P. 15(a) (stating that leave to amend a pleading "shall be freely given when justice so requires"). The defendants' response in opposition to the motion fails to identify any prejudice, bad faith, or futility that would justify denying Plaintiff's motion. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) ("[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509(4th Cir.1986)). The Clerk of Court shall docket the proposed amended complaint and attachments, (ECF No. 53), as the Amended Complaint.

In light of the court's grant of leave for Plaintiff to amend the Complaint and considering that the amended pleading addresses the arguments raised in the defendants' motion to dismiss, (ECF No. 38), the defendants' motion to dismiss is dismissed as moot. See Shoaf v. Thomasville City Sch., No. 1:18CV952, 2019 WL 2646847, at *2 (M.D.N.C. June 27, 2019) (collecting cases finding that motions to dismiss are moot when the plaintiff amends the pleading to address the arguments raised in the motion to dismiss). The defendants' motion is dismissed without prejudice

to file a responsive motion or pleading to the Amended Complaint. Similarly, Plaintiff's original motion to amend (ECF No. 30) is terminated as moot.

**MISCELLANEOUS MOTIONS:**

Plaintiff also filed what is titled as a "Motion to Reconsider." (ECF No. 24.) Because the issues raised in the motion appear to be addressed in Plaintiff's Amended Complaint, the motion is denied as moot.

Plaintiff also moves to compel Jacquelyn I. Duckett of the South Carolina Law Enforcement Division to produce discovery materials. (ECF No. 50.) However, Duckett has not yet been served or appeared in this case (see the court's instructions on service below). Therefore, Plaintiff's motion to compel discovery is premature and is denied.

Plaintiff also moves to compel the defendants to produce documents and answer interrogatories. (ECF No. 64.) However, Plaintiff's motion does not comply with Local Civil Rule 7.04 (D.S.C.). Moreover, the defendants have moved for and were granted an extension of time in which to respond to Plaintiff's discovery requests, rendering Plaintiff's motion premature. Plaintiff's motion is denied without prejudice to properly refile, if appropriate, at the appropriate time.

**TO PLAINTIFF**:

Plaintiff's Amended Complaint includes new defendants who have not yet been served with process. Therefore, Plaintiff must comply with the instructions below before the court can authorize the issuance and service of process against the new defendants. **If Plaintiff does not follow the instructions below within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.**

Under General Order In Re: Procedures in Civil Actions Filed by Prisoner *Pro Se* Litigants, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving Plaintiff **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to:

(1) Complete a summons form for the defendants named in this case. In the space following "TO: (Defendant's name and address)," Plaintiff is required to provide the defendants' names and full addresses where the defendants can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are." Handwritten information must be printed and legible. Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins. A blank form is attached for Plaintiff's use.

(2) Complete, sign, and return a separate Form USM-285 for each of the new defendants—"Byron Sterling, Director; Michael Early, Ass. Warden; Daniel

Cotter, Police Services; Jacquelyn I. Duckett, Magistrate." **Only one defendant's name and street address should appear on each form**. The defendants' complete name and street address should be placed in the spaces preceded by the words, "SERVE AT." Plaintiff's name and address should be placed in the space designated, "SEND NOTICE OF SERVICE COPY TO . . .," and Plaintiff should sign where the form requests, "Signature of Attorney or other Originator . . . ." Plaintiff must provide the defendant's complete street address on the form (not a post office box address). Blank forms are attached for Plaintiff's use.[1]

The court will not authorize the issuance and service of process against the new defendants until the items specified above have been submitted and reviewed by the assigned Magistrate Judge.

Plaintiff must place the civil action number listed above (C/A No. 0:20-2725-RBH-PJG) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201).** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall **not** use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Therefore, Plaintiff must comply with the following:

**If your mailing address changes**, **you must notify the Clerk of Court in writing (901 Richland Street, Columbia, South Carolina 29201) and provide the court with your new address**. This assures that you will receive orders or other matters that specify deadlines for you to meet. If you miss a deadline because of your failure to notify the court that your address changed, **your case may be dismissed,** and your failure to notify the court will not be excused.

**TO THE CLERK OF COURT**:

The Clerk of Court shall mail a copy of this order and the proper form documents to Plaintiff. At the expiration of the deadline set above, the Clerk shall forward the file to the assigned United States Magistrate Judge. See In Re: Procedures in Civil Actions Filed by Non-Prisoner *Pro Se* Litigants, No. 3:07-mc-5015-JFA.

---

[1] Plaintiff is responsible for providing information sufficient to identify the defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case pursuant to Rule 4(m).

**IT IS SO ORDERED**.

February 10, 2021
Columbia, South Carolina

*Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE