UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane, ) | Civil Action No.: 0:20-cv-02725-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Willie Davis, Kameron Love, John Palmer, ) | |
| (First Name Unknown) Kimbrell, Daniel ) | |
| Harouff, Katasha Harper, Curtis Earley, ) | |
| Daniel Cotter, and Jacquelyn I. Duckett, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff Christopher Lane's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Defendant Jacquelyn I. Duckett from this action.[1] *See* ECF Nos. 87 & 91.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Plaintiff is a state prisoner who alleges a South Carolina Department of Corrections officer (Defendant Kimbrell) sexually assaulted him. He has filed an amended complaint pursuant to 42 U.S.C. § 1983 against various prison officials and a state magistrate judge—Defendant Duckett. *See* ECF No. 73. Plaintiff alleges that he wrote Defendant Duckett to report the sexual assault and to ask her to issue an arrest warrant, that she forwarded his legal documents to law enforcement, and that her office does not have a copy of those documents. *Id.* at pp. 2–3. The Magistrate Judge recommends summarily dismissing Defendant Duckett because (1) she is entitled to judicial immunity and (2) Plaintiff fails to raise a cognizable legal claim against her and fails to plead any facts plausibly showing she violated his constitutional rights. *See* ECF No. 87 [R & R] at pp. 3–4 & n.2.

Plaintiff objects to the R & R, arguing Defendant "Duckett should not be dismissed from this suit because [1] she is not immune and [2] a claim has been stated against her." ECF No. 91 at p. 4. Regarding judicial immunity, Plaintiff attaches a letter from the Gantt Summary Court in Greenville,

South Carolina (where Defendant Duckett presides[2]) that states "Gantt Summary has no jurisdiction in this matter." ECF No. 91-2. Plaintiff further asserts he "asked for declaratory and injunctive relief." ECF No. 91 at p. 3; *see Foster v. Fisher*, 694 F. App'x 887, 889 (4th Cir. 2017) (stating "judicial immunity does not apply to claims for equitable relief"). Even if judicial immunity is inapplicable, *see Mireles v. Waco*, 502 U.S. 9, 12 (1991) (noting "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction"), the Court agrees with the Magistrate Judge's alternative conclusion that Plaintiff fails to state a claim against Defendant Duckett. *Compare* 28 U.S.C. § 1915(e)(2)(B)(iii) (authorizing summary dismissal based on immunity from damages), *and* 28 U.S.C. § 1915A(b)(2) (same), *with* 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing summary dismissal for failure to state a claim), *and* 28 U.S.C. § 1915A(b)(1) (same).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (noting a court reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) must liberally construe the allegations and "accept pleaded facts as true," but the complaint "still must contain enough facts to state a claim for relief that is plausible on its face" (internal quotation marks omitted)).

Plaintiff asserts his claims against Defendant Duckett are "denial of due process and denial of access to the courts." ECF No. 91 at p. 3. He alleges she has denied him due process and access to the courts by not returning his legal documents (a "complaint, affidavits, evidence and 13 exhibits") or

---

[2] *See* Gantt Summary Court, https://www.greenvillecounty.org/MagistrateCourts/Gantt.aspx (listing "Judge Jacquelyn I. Duckett"); *see generally United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (recognizing courts "routinely take judicial notice of information contained on state and federal government websites").

forwarding them to the appropriate jurisdiction. *Id.* Plaintiff asserts he needs those documents "in order to prove [his] claim against some of the defendants in this current case." *Id.* at p. 2.[3]

Plaintiff's due process and access-to-courts claims both fail because Defendant Duckett's alleged action—forwarding his legal documents to law enforcement/SLED (and not returning them to Plaintiff, sending them to an appropriate court, or keeping a copy)—does not amount to a constitutional violation. *See generally Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of . . . property."); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) (concluding "*Daniels* removes negligent denials of access from the reach of § 1983"); *cf. id.* ("[A] clerk of court's failure to file a prisoner's complaint was not a violation of the prisoner's right of access." (citing *Kincaid v. Vail*, 969 F.2d 594, 601–03 (7th Cir. 1992))). His access-to-courts claim also fails because he does not plausibly allege an actual injury; and regardless of his inability to retrieve the legal documents, he in fact has accessed the courts by filing the instant federal lawsuit (and a state lawsuit, *see* ECF No. 101-3) concerning the alleged sexual assault. *See Lewis v. Casey*, 518 U.S. 343, 354–55 (1996) (recognizing the actual injury requirement, rejecting any suggestion "that the State must enable the prisoner . . . to *litigate effectively* once in court," and explaining "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").[4]

---

[3] The letter from the Gantt Summary Court indicates the South Carolina State Law Enforcement Division ("SLED") received Plaintiff's legal documents. *See* ECF No. 91-2. Plaintiff indicates he has been unable to retrieve those documents from either Defendant Duckett or SLED. *See* ECF No. 91 at pp. 2–3.

[4] As mentioned above, Plaintiff alleges in his amended complaint that he asked Defendant Duckett "to issue an arrest warrant on the Defendants [the prison officials]." ECF No. 73 at p. 2. However, a victim does not have a right to a criminal investigation or criminal prosecution of other people, *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988), and private citizens do not have standing to request the prosecution of other people. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see, e.g.*, *Harris v. Salley*, 339 F. App'x 281, 283 (4th Cir. 2009) ("Harris does not have a constitutional right to institute criminal proceedings against Salley or to sue the defendants for failing to use their authority to do so.").

The Court finds Plaintiff has not plausibly alleged Defendant Duckett violated any constitutional right. He fails to state a claim against her, and the Court will dismiss her with prejudice.[5]

## Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 87] and **DISMISSES** Defendant Duckett *with prejudice* and without issuance and service of process. This action remains pending as to the other defendants.

**IT IS SO ORDERED.**

Florence, South Carolina  
May 18, 2021

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[5] Dismissal of Defendant Duckett is with prejudice because Plaintiff fails to state a claim against her. *See Thomas*, 841 F.3d at 637 ("The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)."); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion."). Furthermore, Plaintiff has already had a chance to amend his complaint (and the deadline for filing another motion to amend has passed), and his objections indicate an intent to stand on his amended complaint. *See generally Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610–15 (4th Cir. 2020) (discussing dismissals with prejudice versus without prejudice); *see, e.g.*, *Matousek v. Woodforest Nat'l Bank*, 764 F. App'x 301, 302 (4th Cir. 2019) (reviewing a § 1915(e)(2) dismissal for failure to state a claim, noting "the district court already ha[d] afforded [the plaintiff] the opportunity to amend," and recognizing "the district court, in its discretion, [could] dismiss the complaint with prejudice").