UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane, ) | Civil Action No.: 0:20-cv-02725-RBH-PJG |
| )  Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Willie Davis, Kameron Love, John Palmer, ) | |
| (First Name Unknown) Kimbrell, Daniel ) | |
| Harouff, Katasha Harper, Curtis Earley, and ) | |
| Daniel Cotter, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Christopher Lane, a state prisoner proceeding in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging that a prison official sexually abused and assaulted him and that other officials failed to protect him from this misconduct. The matter is before the Court on Defendants' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends granting in part and denying in part Defendants' motion for partial summary judgment.[1] The Court adopts in part and rejects in part the R & R for the reasons herein.

## Legal Standards

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1]   The Magistrate Judge issued the R & R pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II.     Summary Judgment**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving

party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### **Discussion**

Plaintiff alleges that Defendant Kimbrell—a South Carolina Department of Corrections officer—sexually abused and assaulted him at Perry Correctional Institution from December 2019 to May 2020, and that other prison officials—including Defendants John Palmer (an associate warden at

Perry) and Daniel Harouff (a captain at Perry)—did nothing to stop Kimbrell, despite reports by Plaintiff and other inmates. *See* ECF No. 73 (amended complaint). Plaintiff asserts § 1983 claims for sexual assault, excessive force, deliberate indifference/failure to protect, and denial of access to the courts. *Id.* at p. 3. Defendants have filed a motion for partial summary judgment, *see* ECF No. 101, which the Magistrate Judge recommends granting in part and denying in part. *See* R & R [ECF No. 115]. In sum, the Magistrate Judge recommends that the following claims survive summary judgment: (1) Plaintiff's **sexual assault and excessive force** claims against Kimbrell, (2) his **deliberate indifference/failure to protect** claim against Palmer and Harouff relating to an April 30, 2020 incident during which Kimbrell beat and sexually assaulted Plaintiff, and (3) an **access-to-the-courts** claim against Palmer, Harouff, and Katasha Harper.[2] *Id.* at pp. 8–14 & n.8. Defendants specifically object to the Magistrate Judge's recommendations regarding the **deliberate indifference/failure to protect** and **access-to-the-courts** claims.[3] *See* Defs.' Objs. [ECF No. 117].

Initially, the Court agrees with Defendants that Plaintiff fails to state an access-to-the-courts claim against Palmer, Harouff, or Harper. *See id.* at pp. 4–6 (Defendants' objection to this claim). Plaintiff's amended complaint simply alleges "Defendants . . . denied him access to court," ECF No. 73 at p. 3, without providing any supporting factual allegations or identifying any actual injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of

---

[2] The Magistrate Judge recommends granting Defendants' motion as to Plaintiff's deliberate indifference claim against Harper and his claims against Willie Davis, Curtis Earley, and Daniel Cotter, and dismissing without prejudice Plaintiff's claims arising out of a September 17, 2020 incident (involving Kimbrell and Kameron Love) for failure to exhaust administrative remedies. R & R at pp. 5, 7–8, 13–14. Plaintiff has not filed objections to the R & R, and the Court discerns no clear error in these recommendations. *See Diamond & Camby*, *supra* (recognizing a district court can adopt an unobjected-to recommendation without explanation where there is no clear error).

[3] Defendants do not object to the recommendation concerning Plaintiff's sexual assault and excessive force claims against Kimbrell (nor did they move for summary judgment on these claims).

a complaint, they must be supported by factual allegations."); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (explaining a prisoner asserting an access-to-the-courts claim "cannot rely on conclusory allegations" and "must also identify an actual injury resulting from official conduct"). Because Plaintiff is proceeding in forma pauperis, the Court will dismiss his access-to-the-courts claim with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing dismissal at any time if the court determines the action fails to state a claim).[4] *See Thomas*, 841 F.3d at 637 (recognizing a court reviewing a pro se complaint under § 1915(e)(2)(B)(ii) must liberally construe the allegations and "accept pleaded facts as true," but the complaint "still must contain enough facts to state a claim for relief that is plausible on its face" (internal quotation marks omitted)); *see, e.g.*, *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming a § 1915(e)(2)(B) dismissal because the plaintiff's "denial-of-access claims [in] his complaints do not specifically explain how he was injured").

Regarding Plaintiff's deliberate indifference/failure to protect claim against Palmer and Harouff, the Magistrate Judge properly analyzed this Eighth Amendment claim under the two-pronged test of *Farmer v. Brennan*, 511 U.S. 825 (1994). R & R at pp. 6–7, 13; *see Thompson v. Virginia*, 878 F.3d 89, 97–98 (4th Cir. 2017) ("The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to 'a substantial risk of serious harm,' and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." (quoting *Farmer*, 511 U.S. at 834, 837–38)). Defendants' objections relate to the second *Farmer* prong—whether Plaintiff has shown

---

[4] *See Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) ("The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)."); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion."); *see, e.g.*, *Matousek v. Woodforest Nat'l Bank*, 764 F. App'x 301, 302 (4th Cir. 2019) (reviewing a § 1915(e)(2) dismissal for failure to state a claim, noting "the district court already ha[d] afforded [the plaintiff] the opportunity to amend," and recognizing "the district court, in its discretion, [could] dismiss the complaint with prejudice").

Palmer and Harouff had a "'sufficiently culpable state of mind,'" specifically "one of 'deliberate indifference' to inmate health or safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer*, 511 U.S. at 834). Specifically, Defendants argue Plaintiff has failed to show deliberate or callous indifference on the part of Palmer and Harouff to a specific known risk of harm. Defs.' Objs. at p. 1 (citing *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987)). The Court disagrees.

> A prison official is deliberately indifferent to a substantial risk of harm to a prisoner when that official knows of and disregards the risk. A plaintiff can establish a prison official's subjective actual knowledge by direct evidence that the official was actually aware of the substantial risk of injury or through circumstantial evidence that permits the inference that the risk of injury was so obvious that the prison official did know of it because he could not have failed to know of it. Deliberate indifference entails more than ordinary lack of due care for the prisoner's interests or safety, and more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result.

*Nelson v. Henthorn*, 677 F. App'x 823, 826 (4th Cir. 2017) (cleaned up).[5]

As to **Palmer**, Plaintiff testified they had a verbal conversation before the April 30 incident; during the conversation, Plaintiff told Palmer about "Kimbrell's conduct, his [] making comments about my body and him touching me" and "said, Palmer, you need to do something about Kimbrell," but Palmer responded, "I wasn't here, so I can't do anything about it." Pl.'s Dep. at pp. 69–71. Plaintiff further testified that he told Palmer "he needed to do something about Kimbrell because he keep trying

---

[5] The first/objective *Farmer* prong requires the prisoner to establish he suffered "a serious deprivation of his rights in the form of a serious or significant physical or emotional injury," *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (internal quotation marks omitted); and it remains a question of fact whether Plaintiff suffered such injury in the April 30, 2020 incident. *See generally Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) ("Sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim."); *Ellis v. Elder*, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009) ("A prison guard may violate the Eighth Amendment by sexually harassing or sexually assaulting an inmate. Sexual assault is not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries under § 1983. To be actionable, the alleged sexual contact must be incompatible with contemporary standards of decency." (internal quotation marks and citation omitted)).

to touch me, now, and making these comments," and that Palmer "already knew" about Kimbrell before this conversation.[6] *Id.* at pp. 71–72. As to **both Palmer and Harouff**, Plaintiff swore—in an affidavit dated March 27, 2020[7]—that Kimbrell "has committed the act of sexual misconduct with me and others on numerous occasions. He has grabbed my butt, fondled it, and stuck his fingers in my anus while I was forced against the cell door bars while telling me that 'my ass was nice and it was his.' He has even come to my room and made me strip search telling me that I was going to medical or recreation, then smiled[,] shut my door and walked away"; that other inmates have "been through the same treatment," that Harouff and Palmer were informed of Kimbrell's sexual misconduct but stated they would not do anything; and that Harouff and Palmer watched Kimbrell engage in sexual misconduct against Plaintiff and others without reporting Kimbrell. ECF No. 1-3 at pp. 1–2. This evidence alone presents a genuine issue of material fact regarding whether Harouff and Palmer were deliberately indifferent to a substantial risk of harm by Kimbrell before the April 30, 2020 incident.

Additionally, inmate Richard Cochran swore—in an affidavit dated April 23, 2020—that Kimbrell fondled and groped Plaintiff's buttocks while "rubbing on himself through his clothes" and saying "'nice ass'" and "'this is my ass bitch, I do what I want to and you get what I give you,'" that Kimbrell "has even done these things to me and other inmates," and that Cochran and others had reported Kimbrell's conduct to Palmer and Harouff "but they do nothing about it and allow him

---

[6] The last two sentences on page 8 of the R & R incorrectly indicate Plaintiff was talking with *Harouff*; Plaintiff testified this verbal conversation was with *Palmer*. Pl.'s Dep. at p. 70. Defendants acknowledge that "Plaintiff testified that he spoke with Defendant Palmer before April 30 and stated that Defendant Kimbrell had tried to touch him and made inappropriate comments to him." Defs.' Objs. at p. 4.

[7] This affidavit is from Plaintiff's original complaint (it is not the one attached to his response in opposition). *Cf. Goodman v. Diggs*, 986 F.3d 493, 498–99 (4th Cir. 2021) (holding a district court cannot disregard the "evidentiary value" of a prior verified complaint that is the equivalent of an opposing affidavit for summary judgment purposes).

[Kimbrell] to continue doing these things," ECF Nos. 1-2, 73-4 & 109-3. It is clear Cochran had put Palmer and Harouff on notice of Kimbrell's sexual interaction with prisoners at Perry before the April 30 incident.[8, 9]

Given the above evidence and the competing/contrary affidavits of Harouff and Palmer,[10] the Court concludes there is a disputed issue of material fact regarding whether they were deliberately indifferent.

Nevertheless, Defendants assert Harouff and Palmer are entitled to qualified immunity. Defs.' Objs. at p. 4. "To overcome the qualified immunity defense at the summary judgment stage, [1] the plaintiff must have shown facts that make out a violation of a constitutional right, and [2] the right at issue must have been 'clearly established' at the time of the defendant's alleged misconduct." *Thompson*, 878 F.3d at 97. Here, viewing the evidence in the light most favorable to Plaintiff, a

---

[8] Defendants argue Cochran's deposition testimony indicates he did not report Kimbrell's misconduct "'to anybody with SCDC'" before the April 30 incident. Defs.' Objs. at pp. 2–3 (quoting Cochran Dep. at p. 42). Although Cochran does not appear to have reported Kimbrell's misconduct *as to Plaintiff*, Cochran's *April 23* affidavit indicates he had reported Kimbrell's sexual misconduct *as to Cochran himself and prisoners in general* to Palmer and Harouff *before April 30*. *See generally Nelson*, 677 F. App'x at 826 ("A plaintiff can establish a prison official's subjective actual knowledge . . . through circumstantial evidence that permits the inference that the risk of injury was so obvious that the prison official did know of it because he could not have failed to know of it." (internal quotation marks omitted)).

[9] Defendants object to Torionta Drayton's affidavit (because Drayton has since been released from prison and Plaintiff did not provide Drayton's current location), *see* Defs.' Objs. at pp. 1–2, but the Court has not considered it here. Defendants also "object to the Court considering affidavits/sworn statements from Plaintiff or other witnesses who have been deposed," asserting the Court should consider "only deposition testimony from Plaintiff and the witnesses." *Id.* (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)); *see generally Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (noting *Barwick* and other courts have held "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity"). The affidavits of Plaintiff and Cochran described above were filed *before* they were deposed (or discovery even began); and regardless, the portions of the affidavits summarized herein do not contradict the deposition testimony provided by Defendants.

[10] Palmer avers that "[a]t no time did Plaintiff state to me that he had been sexually assaulted by Cpl. Kimbrell." ECF No. 101-7 at p. 1. Harouff avers that "[a]t no time did Plaintiff state to me that he had been sexually assaulted or subjected to sexual misconduct by Cpl. Kimbrell." ECF No. 101-8.

reasonable jury could find Harouff and Palmer violated Plaintiff's Eighth Amendment rights; and it was clearly established in April 2020 (and years before) "that a prison official could be liable for failing to protect a[n] inmate from subsequent sexual assault if he were aware of a prior incident." *Id.* at 109 (citing *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)); *see Ortiz*, 562 U.S. at 190 (citing *Farmer* and recognizing "the pre-existing law was not in controversy" in 1996 when a prison official failed to protect an inmate from sexual assault by another official despite knowing about a prior assault). Accordingly, Defendants are not entitled to qualified immunity at this stage.

In sum, the Court finds there is a genuine dispute of material fact regarding whether Harouff and Palmer acted with deliberate indifference to a substantial threat to Plaintiff's safety, and that Harouff and Palmer are not entitled to qualified immunity because their duty to protect an inmate from sexual assault by a prison official was clearly established in April 2020. The Court will deny summary judgment as to Plaintiff's deliberate indifference/failure to protect claim against Harouff and Palmer.

## Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's R & R [ECF No. 115], **DISMISSES** Plaintiff's access-to-the-courts claim *with prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), **GRANTS IN PART AND DENIES IN PART** Defendants' motion for partial summary judgment [ECF No. 101], **DISMISSES** Plaintiff's claims against Kimbrell and Love arising out of the September 17, 2020 incident *without prejudice* for failure to exhaust administrative remedies, **DISMISSES** Plaintiff's claims against Davis, Harper, Earley, and Cotter *with prejudice*, and **DISMISSES** Defendants Davis, Love, Harper, Earley, and Cotter from this action.

**This action remains pending solely as to (1) Plaintiff's § 1983 sexual assault and excessive**

**force claims against Defendant Kimbrell and (2) Plaintiff's § 1983 deliberate indifference/failure to protect claim against Defendants Palmer and Harouff relating to the April 30, 2020 incident.**

This case may proceed to trial on the remaining claims, as the Court has denied summary judgment in part and Defendant Kimbrell has not moved for summary judgment. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1); *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307 (1989) (holding that courts can ask (but not compel) lawyers to represent indigent litigants); *Banks v. Gore*, 738 F. App'x 766, 771 (4th Cir. 2018) (recognizing a court may appoint counsel when an indigent plaintiff presents exceptional circumstances). The Court finds Plaintiff presents exceptional circumstances justifying appointment of counsel: he presents colorable Eighth Amendment claims, has limited resources, and lacks legal training.

Accordingly, the Court **APPOINTS** J. Bradley Bennett, Esquire,[11] in Greenville, South Carolina, to represent Plaintiff and **DIRECTS** the Clerk to send a copy of this Order to both Plaintiff and Mr. Bennett. Within thirty days, Mr. Bennett shall contact Plaintiff, who is incarcerated at Perry Correctional Institution in Pelzer, South Carolina. Mr. Bennett shall have access to court filings on ECF and shall consult with opposing counsel (Steven M. Pruitt, Esquire) within a reasonable period of time regarding (1) the need for any limited discovery by Mr. Bennett, (2) the mediation of the case, and (3) the submission of a short proposed consent scheduling order, which should include deadlines for limited discovery (if any) and mediation. The proposed consent scheduling order shall be submitted as soon as possible. **Mr. Bennett and Mr. Pruitt shall promptly contact Magistrate Judge Kevin F. McDonald, regarding his availability to mediate this case.**

---

[11] Mr. Bennett indicated he is willing to be appointed in this case.

**IT IS SO ORDERED.**

Florence, South Carolina  <u>s/ R. Bryan Harwell</u>
August 31, 2021  R. Bryan Harwell
Chief United States District Judge